## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| INSYS THERAPEUTICS, INC., *et al*., | ) | Case No. 19-11292 (JTD) |
| | ) | (Jointly Administered) |
| Liquidating Debtors. | ) | |
| _____ | ) | |
| INSYS LIQUIDATION TRUST, by and through | ) | |
| WILLIAM HENRICH, as LIQUIDATING | ) | |
| TRUSTEE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 21-50188 (JTD) |
| | ) | |
| TDINDUSTRIES, | ) | |
| | ) | |
| Defendant. | ) | **Re: D.I. 18** |

## MEMORANDUM OPINION AND ORDER

Defendant TDIndustries, Inc. ("**TDI**"), filed a motion seeking to reopen this adversary proceeding and vacate entry of default and default judgment.[1] Plaintiff William Henrich, Liquidating Trustee ("**Trustee**") opposed the Motion to Vacate arguing that TDI did not establish the grounds necessary for relief from the entry of default judgment.[2] During oral argument I instructed the parties to submit supplemental briefing to address the correct standard

---

[1] Motion to (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief (the "**Motion to Vacate**"), D.I. 18, Memorandum of Law in Support of Motion of TDIndustries, Inc. to: (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief, D.I. 19.

[2] Answering Brief of William Henrich, as Liquidating Trustee of the Liquidation Trust of Insys Therapeutics, Inc. in Opposition to Motion to (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief, D.I. 22.

or relief from the entry of a final judgment.[3] After considering the parties' submissions,[4] and for the reasons discussed below, the Motion to Vacate is denied.

## JURISDICTION AND VENUE

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a).

## BACKGROUND

TDI, a subcontractor, provided commercial and industrial services to Insys Therapeutics, Inc. ("**Debtors**").[5] On June 10, 2019, Debtors commenced a voluntary chapter 11 case.[6] On August 21, 2019, TDI filed a proof of claim ("**POC**") for $26,153, based on four unpaid invoices.[7]  On January 16, 2020, the Court confirmed Debtors' plan, which created the Liquidation Trust, vested it with the right to commence avoidance actions, and appointed the Trustee.[8]

On June 11, 2020, the Trustee mailed a demand letter to TDI at the address provided on the invoices in Debtors' books and records.[9]  A copy of the letter was also emailed to Ms. Darylanne Estill, at TDI.  TDI alleges that Ms. Estill was no longer employed with TDI at the

---

[3] The parties initially argued the Motion under the culpable conduct standard rather than the excusable neglect standard applicable under Rule 60.
[4]  Supplemental Memorandum of Law in Support of Motion of TDIndustries, Inc. to: (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief, D.I. 37, Supplemental Brief of William Henrich, as Liquidating Trustee of the Liquidating Trust of Insys Therapeutics, Inc. in Opposition to Motion to (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief, D.I. 38, Supplemental Reply Brief of TDIndustries, Inc. in Further Support of Motion to: (A) Re-open Adversary Proceeding, (B) Vacate Entry of Default and Default Judgment, and (C) Related Relief, D.I. 39.
[5] D.I. 19 at 2.
[6] D.I. 19 at 2.
[7] D.I. 19 at 3.
[8] D.I. 19 at 2.
[9] D.I. 22 at 2.

time the letter was sent and that it never received the demand letter.[10]

On February 24, 2021, the Trustee initiated this adversary proceeding against TDI alleging TDI received preferential transfers totaling $15,061.[11]  On the same day, the Trustee served TDI through first-class mail to TDI's headquarters in Dallas, Texas.[12]

The Court takes judicial notice that on February 12, 2021, the Texas Governor declared a state of emergency because of a severe winter storm. TDI's office shut down for much of February 2021 because of the storm.[13] Before the winter storm, TDI implemented teleworking and operated at ten percent staffing capacity because of COVID-19.[14]

Having received no response to the complaint, on May 20, 2021, the Trustee filed a request for entry of default and served TDI through first class mail.[15] On May 21, 2021, the Clerk of the Court entered the Default and Default Judgment.[16]

On June 17, 2021, TDI's general counsel, Sheri Tillman, became aware of the entry of default and default judgment.[17] On June 25, 2021, Ms. Tillman reached out to TDI's Texas bankruptcy counsel ("**Texas counsel**") through email asking them to handle the matter.[18] On August 5, 2021, TDI followed up with Texas counsel, though it is unclear whether it received any response.[19] Ms. Tillman represents that, at the time, she believed that Texas counsel was working with the plaintiff to resolve the matter. As discussed below, she later learned this was

---

[10] D.I. 20 at 2.
[11] D.I. 19 at 3; 1-1 at 1.
[12] D.I. 19 at 4.
[13] D.I. 19 at 8.
[14] D.I. 20 at 2–3.
[15] D.I. 11, 22 at 3.
[16] D.I. 12.
[17] D.I. 20 at 3.
[18] D.I. 37 at 5.
[19] D.I. 37 at 6.

not the case and that no one had reached out to the Trustee on TDI's behalf.[20] Having heard from no one at TDI, on December 28, 2021, the Trustee registered the default judgment with the United States Bankruptcy Court for the Southern District of New York and served the Notice of Judgment on TDI by mail.[21] In compliance with the registered default judgment, JPMorgan Chase Bank restrained $30,122 on December 29, 2021.[22]

On February 4, 2022, Ms. Tillman was advised by email from the Trustee's counsel that a Restraining Notice and Information Subpoena had been served on TDI's bank.[23] The Trustee's counsel also asked if TDI would be interested in resolving the matter consensually.

Upon receipt of this letter, Ms. Tillman reached out to Texas counsel, at which time she was advised that Delaware counsel had never been retained and nothing had been done to attempt to resolve the default judgment.

TDI then retained Delaware counsel who emailed the Trustee on February 17, 2022, to discuss TDI's alleged subsequent new value defense, noting that if Delaware counsel was correct about the merits of this defense, TDI had little interest in settling.[24] The Trustee emailed back that day, but Delaware counsel did not respond again until April 4, 2022.[25] By that time, TDI had already filed the Motion to Vacate.[26]

---

[20] D.I. 37, Ex. C.
[21] D.I. 22 at 4.
[22] D.I. 22 at 3–4.
[23] D.I. 22 at 4, 66.
[24] D.I. 19 at 18.
[25] D.I. 37, Ex. C.
[26] D.I. 19.

## ANALYSIS

### I.    LEGAL STANDARD

A default and default judgment are entered pursuant to Federal Rule of Civil Procedure ("**Rule**") 55, made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure ("**Bankruptcy Rule**") 7055. Pursuant to Rule 55, entry of a final default judgment may be set aside under Rule 60(b) made applicable to bankruptcy proceedings by Bankruptcy Rule 9024.  Rule 60(b) provides that the Court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," among other things.  Fed. R. Civ. Proc. 60(b)(1). The movant must bring the motion "within a reasonable time" that is "no more than a year after the entry of the judgment." Fed. R. Civ. Proc. 60(c)(1). "As the delay in filing the motion to vacate approaches this one- year time limit, a court should impose a proportional increase in the burden of proof required to show that reasonable delay existed." *Peltz v. Com Servs. (In re USN Communs., Inc.)*, 288 B.R. 391, 396-97 (Bankr. D. Del. 2003). The Supreme Court established the standard for finding excusable neglect in the context of a missed deadline to file a proof of claim in *Pioneer Inv. Serv. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).  The Court concluded that the determination of what is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* The relevant circumstances include "the danger of prejudice to the debtor, the length of delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*

*Pioneer* requires courts to consider all factors without "holding that any single circumstance in isolation compels a particular result regardless of other factors." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997); *see also George Harms Const. Co., Inc. v. Chao*, 371 F.3d 156, 164 (3d Cir. 2004). Failing to disprove a factor is not fatal to the analysis of all the circumstances. For example, when there is a neutral finding of prejudice, a court may deny relief because of the other factors. *Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *3 (D. N.J. Jan. 6, 2015). The burden falls to the movant to establish excusable neglect. *In re Energy Future Holdings Corp.*, 575 B.R. 616, 630 (Bankr. Del. 2017).

## II.   DISCUSSION

Considering all the surrounding facts and circumstances, I can only conclude that TDI's conduct is not sufficient to meet the excusable neglect standard for reopening the final default judgment. Although no particular prejudice to the Trustee has been identified, and there is no evidence that TDI acted in bad faith, the remaining factors weigh against reopening the case

First, the delay was both within the reasonable control of the defendant, and it was considerable. This is not a case where a defendant failed to answer a complaint by just a few days or weeks after which the plaintiff obtained a default and executed on its judgment. The Trustee made repeated attempts to reach out to TDI over many months. The Trustee sent a demand letter in June 2020 but did not file suit until more than eight months later. He then waited nearly three months to seek entry of a default judgment and provided appropriate notice to TDI. Again, in December 2021, the Trustee sent notice of the registration of the default judgment to TDI. Indeed, even after registering the default, the Trustee reached out to TDI's in-house counsel to enquire about a potential settlement.

While COVID-19 and the Texas storm may have prevented TDI from receiving the initial service of the complaint and notice of the default in a timely manner, it admits that by June 17, 2021, it was aware that a default judgment had been entered.  Despite this, TDI inexplicably waited more than seven months to retain Delaware counsel or otherwise reach out to the Trustee and offers no reason for its failure to do so except for a single miscommunication with its local counsel quite early in the process.  But this is not enough. Simply put, "a litigant's protracted and unjustified carelessness alone does not constitute excusable neglect[.]" *Den Be ex rel. Bell v. Hamilton Twp. Mun. Ct.*, No. 07-1588 (JBS), 2008 WL 5156683, at *3 (D.N.J. Dec. 5, 2008). Additionally, as the *Pioneer* Court observed, clients are accountable for their attorney's acts and omissions. *Pioneer*, 507 U.S. at 396.

Second, the potential impact of the delay on the judicial proceedings also weighs against granting the motion.  This matter is one of only three out of 180 adversary proceedings initiated by the Trustee that remains unresolved.  Further, the underlying bankruptcy case has been pending for more than three years at this point.  Having sat on its rights for nearly a year, TDI now wants to reopen the case, vacate the final default, vacate the registration of the entry of judgment in the Bankruptcy Court for the Southern District of New York, as well as the notice to JPMorgan Bank to restrain an amount sufficient to pay the judgment. But to do so would not only set back this case but would also impact the overall administration of the bankruptcy case, as well at the management of this Court's docket.  The circumstances do not warrant such relief. *See Liguori v. Allstate Ins. Co.*, No. 14-636, 2015 WL 71384, at *2 (D.N.J. Jan. 6, 2015) ("allowing Plaintiffs to reopen the case would 'infringe on the District Court's strong interest in case management[.]'").

7

Having considered all the facts and circumstances, I find that TDI has not met its burden of establishing excusable neglect.  For that reason, the Motion is denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

For the foregoing reasons, Defendant's Motion is **DENIED**.

Dated:  October 6, 2022

JOHN T. DORSEY, U.S.B.J.